OPINION
{¶ 1} Appellants Jean Moreland and David Moreland appeal the September 23, 2005 Judgment Entry entered by the Tuscarawas Court of Common Pleas, Juvenile Court Division, which denied their Motion for Designation as Parties. Defendant-appellee is Paul Palomba ("father").
 STATEMENT OF THE FACTS AND CASE {¶ 2} Amber Wood ("mother"), appellants' daughter, gave birth to Gabriella Wood on July 17, 2002. Via Administrative Order dated December 17, 2002, a parent/child relationship was established between father and Gabriella, indicating there was a 99.99% probability father is the biological father of the minor child pursuant to R.C. 3111.46 (A). The Tuscarawas County Child Support Enforcement Agency filed a complaint to establish child support on March 14, 2003. Father filed a number of motions relative to his support obligation and visitation rights throughout 2003. At a magistrate's hearing on December 1, 2003, father agreed to a temporary child support order of $700/month, effective that day. The remainder of that hearing focused on the issue of visitation. The magistrate issued an order on December 4, 2003, which set forth a visitation schedule as well as the agreed temporary child support amount.
 {¶ 3} On February 26, 2004, father filed a Motion for Reallocation of Parental Rights and Responsibilities, requesting shared parenting or, in the alternative, sole custody of Gabriella. The magistrate conducted a pretrial conference on March 1, 2004, relative to the issues of companionship and support. Prior to the hearing, mother and father notified the court they had reached an agreement relative to all pending matters. The trial court found the agreement well taken and adopted the same via Agreed Judgment Entry filed March 10, 2004. Pursuant to this agreement, father was granted liberal companionship, which would be no less than the trial court's standard companionship order.
 {¶ 4} Father and mother continued on a path of heated discord. On January 12, 2005, father filed a second Motion for Reallocation of Parental Rights and Responsibilities, requesting he be named residential parent and legal custodian of Gabriella. On February 22, 2005, the trial court appointed Susan Engle as Guardian ad Litem for Gabriella. The trial court conducted an evidentiary hearing on March 7, 2005, and April 18, 2005. Prior to the presentation of testimony on April 18, 2005, the Guardian ad Litem submitted her preliminary report in which she recommended temporary custody of Gabriella be immediately granted to father. Based upon the testimony presented as well as the Guardian ad Litem's recommendation, the magistrate granted immediate temporary custody of Gabriella to father. The magistrate issued a decision thereto on April 29, 2005. The magistrate issued an order on April 27, 2005, setting forth mother's visitation, and ordering Gabriella continue counseling.
 {¶ 5} On May 6, 2005, the trial court issued an Agreed Judgment Entry, which reads, in toto:
 {¶ 6} "The parties and the Guardian ad Litem are in agreement that the current visitation order regarding Amber Wood may also include her sons, Lance and Austin Wood, as well as the maternal grandparents, Jeannie and Dave Moreland. This means that the boys and grandparents may participate in the weekly supervised visitation, as well as participate in the weekly telephone contact."
 {¶ 7} Mother filed a Motion to Set Aside the Magistrate's Order; Objection to the Magistrate's Decision of April 29, 2005 and to the Magistrate's Order of April 27, 2005; Motion for Immediate Review; and Motion for Ex-Parte Order to Terminate Former Order of 04/18/05 and Restore Custody to [Mother]. The trial court conducted a hearing on the various pleadings on June 16, 2005. Following the hearing, the trial court overruled mother's objections, and approved and adopted the magistrate's April 29, 2005 decision, and the magistrate's April 27, 2005 order.
 {¶ 8} On July 8, 2005, the magistrate issued an Agreed Magistrate's Order, which provided:
 {¶ 9} "The parties and the Guardian ad Litem are in agreement that the current visitation order regarding Amber Wood and Gabriella Wood may also include visitation in the home of Amber Wood with the independent supervisor being Debbie Whitney. All parties are in agreement that Ms. Whitney is an appropriate and non-involved third party and will supervise the contact between Mrs. Wood, her family and the minor child. The parties are also in agreement that Dave Moreland, maternal grandfather, shall be deemed appropriate for transportation purposes only. This order shall take effect for the companionship period beginning on July 8, 2005 and thereon. This order shall not effect the frequency or duration of the companionship schedule currently in effect.
 {¶ 10} "The visitation schedule is as follows: Wednesdays,
from 6:00 p.m. to 8:00 p.m. with Ms. Wood providing the evening meal for the child; and Sundays from 1:00 p.m. to 3:00 p.m. with Mr. Palomba providing the meal prior to stated visit. For the week of July 8, 2005, the visit shall take place on Friday, July 8, 2005 from 7:30 p.m. to 9:30 pm. (instead of Sunday) to accommodate the mother in attending an air show on the weekend. Mr. Palomba will assure the child is fed prior to this visitation. Transportation will be as follows: Mr. Palomba will deliver the child to the home of the mother at the commencement of the visitation and Dave Moreland only shall return the child to Mr. Palomba's residence at the conclusion of each visitation.Modifications to set days and times may occur upon agreement ofall parties, including the guardian ad litem. Any and all missed visits will be promptly rescheduled.
 {¶ 11} "These visits shall continue to include her sons, Lance and Austin Wood, as well as the maternal grandparents, Jeannie and Dave Moreland. This means that the boys and grandparents may participate in the weekly-supervised visitation, as well as participate in the weekly telephone contact." July 8, 2005 Agreed Magistrate's Order.
 {¶ 12} The magistrate conducted a status conference on August 8, 2005. On August 10, 2005, the magistrate issued an order, which provided mother's visits shall remain supervised, but could occur in mother's home. The order further stated:
 {¶ 13} "Due to the concerns reported about the conduct of Jean Moreland and the conduct and reaction of the minor child during visitations with Amber Wood, Amber Wood is to ensure that Jean Moreland's presence during Amber Wood's visitation shall be limited to fifteen (15) minutes per visit, directly supervisedat all times by Deb Whitney." August 10, 2005 Magistrate's Order.
 {¶ 14} In response, appellants filed a Motion for Designation as Parties, moving the court to allow them to intervene. Appellants also filed a Motion to Set Aside Magistrate's Order of August 10, 2005, requesting regular unsupervised visitation. Via Judgment Entry filed August 29, 2005, the trial court recused itself relative to appellants' motions. A visiting judge was appointed to review the motions. Father filed a Memorandum in Opposition to the Joinder of Grandparents on August 30, 2005. Appellants filed Intervener Jean and David Moreland's Reply Memorandum in Support of Motion to be Designated as Parties and Request for Oral Hearing. On September 2, 2005, the Guardian ad Litem filed a Notice to Court Regarding Visitation in which she reported Gabriella had been distressed with the restriction of appellant Jean Moreland's visitation, and advised the trial court she (the Guardian) was not opposed to removing the restriction. Via Magistrate's Order filed September 6, 2005, the restriction concerning Jean Moreland's visitation was rescinded and vacated.
 {¶ 15} The Guardian ad Litem filed a Response to Grandparents' Request for Designation as Parties on September 22, 2005. Therein, the Guardian opined joining of appellants as parties would be detrimental to Gabriella, noting the girl's need to have decisions made about her parents' legal rights. The Guardian expressed her fear the addition of appellants as parties would set the case back to the beginning. Via Judgment Entry filed September 23, 2005, the visiting judge found appellants' motion not well taken and denied the same.
 {¶ 16} It is from this judgment entry appellants appeal, raising the following assignments of error:
 {¶ 17} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING INTERVENORS' MOTION FOR DESIGNATION AS PARTIES.
 {¶ 18} "II. THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN EVIDENTIARY HEARING ON INTERVENORS' MOTION FOR DESIGNATION AS PARTIES."
 {¶ 19} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 20} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 21} This appeal shall be considered in accordance with the aforementioned rule.
 {¶ 22} Before we discuss the merits of appellants' assignments of error, we must determine whether the judgment entry from which they appeal is a final appealable order pursuant to R.C. 2505.02.
 {¶ 23} "To deny a person the right to intervene may be a final appealable order if the denial affects a substantial right and if the person would be prevented from obtaining [his/her requested] relief if intervention was denied." In the Matter ofKandi Hartley (Oct. 13, 1988) Athens App. No. 1399.
 {¶ 24} Grandparents generally have no legal rights of access to their grandchildren. In re Fusik, Athens App. No. 02CA16, 2002-Ohio-4410, citing In re Whitaker (1988),36 Ohio St.3d 213, 214, 522 N.E.2d 563; In re Martin, 68 Ohio St.3d 250,1994-Ohio-506. The Ohio Supreme Court has held grandparents have no constitutional right of association with their grandchildren. See In re Schmidt (1986), 25 Ohio St.3d 331, 336,496 N.E.2d 952.
 {¶ 25} We find the September 23, 2005 is not a final, appealable order as appellants do not have a substantial right to visitation. The fact an agreed entry between mother and father permitted appellants' presence during mother's visitation with Gabriella does not create an independent right to visitation for appellants. The visitation between Gabriella and appellants occurred only because of an agreement between mother and father. The agreed judgment entry merely gave appellants permission to be present with mother during mother's visitation with the child. Because the September 23, 2005 Judgment Entry did not affect a substantial right, we find such was not a final appealable order and we dismiss this matter for lack of jurisdiction.
Hoffman, P.J. Farmer, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, this appeal is dismissed for lack of jurisdiction. Costs assessed to appellants.